UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-20391-CR-BLOOM

UNITED STATES OF AMERICA

v.

JOEL LUBIN,

    **Defendant.**
_____/

## PLEA AGREEMENT

The Office of the United States Attorney for the Southern District of Florida ("the United States") and **JOEL LUBIN** ("the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the information in Case No. 25-20381-Cr-Bloom, which count charges the defendant with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines but

is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence considering other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely because of the sentence imposed.

3. As to Count 1 of the information, the defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to twenty years, to be followed by a three-year term of supervised release. In addition to a term of imprisonment, the court may impose a fine of up to $250,000 or a fine not more than the greater of twice the gross gain or twice the gross loss from the offense.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following findings and conclusions as to the sentence to be imposed:

   a. <u>Base Offense Level</u>:  That under Section 2B1.1 (a)(1) of the Sentencing Guidelines, the base offense level is 7;

   b. That under Section 2B1.1(b)(1)(I) of the Sentencing Guidelines, the aggregate actual loss or intended loss resulting from the defendant's conduct in the information is more than $3,500,000 and less than $9,500,000;

   c. <u>Role in the Offense</u>: That the defendant's role in this health care fraud scheme was aggravating, in that defendant was an organizer and leader of a criminal activity, as contemplated by Section 3B1.1(c); and

   d. <u>Acceptance of Responsibility</u>:  That under Section 3E1.1 of the Sentencing Guidelines, the Sentencing Guideline level applicable to defendant's offense should be reduced by 3 levels based on the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official, including the United States Probation Office.

8. This Office agrees not to seek any additional enhancements provided under Chapter 2, Part B, or under Chapter 3, Parts B or C, of the Sentencing Guidelines, other than as noted in Paragraphs 7(a) through 7(d) above. The parties agree, however, that, if the Probation Office recommends any additional enhancements or reductions not included in Paragraphs 7(a) through 7(d), they may make representations to the Court regarding the facts underlying such a recommendation.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of 18 U.S.C. § 1349, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes but is not limited to:

    i. a forfeiture money judgment in the sum of $7,249,457.94 in U.S. currency, which sum represents the value of the property subject to forfeiture;

    ii. substitute property, including, but not limited to:

        a. real property located at 7601 E Treasure Drive, Apt. 917, North Bay Village, Florida 33141;

        b. real property located at 7901 Hispanola Avenue, Unit 1705, North Bay Village, Florida 333141; and a

        c. A 2019 white Ferrari bearing Vehicle Identification Number ZFF89FPA7K0242850.

10. The defendant also agrees to assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of directly forfeitable or substitute assets. This assistance shall include: disclosing within 14 calendar days in a Financial Disclosure Statement provided by this Office the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, any assets involved in the offense of conviction, and those held by a spouse, nominee, or other third party; taking all steps necessary to locate assets, wherever located; agreeing to the entry of an order enjoining the transfer or encumbrance of assets; transferring assets to the United States by delivery to this Office any necessary and appropriate documentation to deliver good and marketable title to assets; liquidating assets, or completing any task which will result in a payment towards the forfeiture money judgment; and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

11. The defendant agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant further agrees to waive: any constitutional, legal, and equitable claim or defense to the forfeiture of assets in any judicial or administrative proceeding; any applicable time limits for administrative or judicial forfeiture proceedings; any claim or defense under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; the requirements of Fed. R. Crim. P. 32.2; and any appeal of the forfeiture. The defendant understands that this plea agreement shall serve as a withdrawal of any pending administrative forfeiture claim.

12. Should the defendant withdraw, or attempt to withdraw, from this plea agreement for any reason, the defendant understands and agrees that any statements made to the government,

including any factual statement prepared for submission to the Court in connection with the defendant's guilty plea, will become admissible as evidence and may be introduced affirmatively by the United States against the defendant in any criminal proceeding which may then be in effect or which may at any future time be initiated by the United States.

13. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his/her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

Date: 11/12/25

By: _____
CHRISTOPHER J. CLARK
ASSISTANT U.S. ATTORNEY

Date: 11/12/25

By: _____
RODERICK D. VEREEN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 11/12/25

By: _____
JOEL LUBIN
DEFENDANT

7